MARC C. GORDON, ESQ.
GENERAL COUNSEL
Nevada Bar No. 1866
TAMER B. BOTROS, ESQ.
ASSOCIATE COUNSEL
Nevada Bar No. 12183
**YELLOW CHECKER STAR TRANSPORTATION CO. LEGAL DEPT.**
5225 W. Post Road
Las Vegas, Nevada 89118
T: (702) 873-6531
F: (702) 251-3460
tbotros@ycstrans.com
Attorneys for Defendants
NEVADA YELLOW CAB CORPORATION
NEVADA CHECKER CAB CORPORATION and
NEVADA STAR CAB CORPORATION

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Thomas Runkle, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>Yellow Cab Co., Inc., Nevada Yellow Cab Corporation d/b/a Yellow Cab Company; Nevada Star Cab Corporation d/b/a Star Cab Company; Nevada Checker Cab Corporation d/b/a Checker Cab Company; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive,<br><br>Defendants. | Case No.: |

**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

TO THE ABOVE-ENTITLED COURT:

NOTICE IS HEREBY GIVEN that Defendants, NEVADA YELLOW CAB CORPORATION, NEVADA CHECKER CAB CORPORATION and NEVADA STAR CAB CORPORATION (“YCS”),

hereby remove the above-entitled action from the Eighth Judicial District Court in and for the County of Clark to the United States District Court in and for the District of Nevada pursuant to 28 U.S.C. § 1441(a), and 1446. This removal is based upon federal question jurisdiction and is timely. In support of this notice of removal, Defendants state to the Court as follows:

1. On June 17, 2015, an action was commenced in the Eighth Judicial District Court of Clark County, Nevada, entitled Thomas Runkle, an individual vs. Yellow Cab Co., Inc.; Nevada Yellow Cab Corporation d/b/a Yellow Cab Company; Nevada Star Cab Corporation d/b/a Star Cab Company; Nevada Checker Cab Corporation d/b/a Checker Cab Company; EMPLOYEE(S)/AGENTS(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive, Case No. A-15-720082-C. A copy of the Complaint is attached hereto as Exhibit **1**.

2. Defendants were served with a copy of the Summons and Complaint on August 28, 2015.

3. This Notice of Removal is being filed within thirty (30) days of the receipt of any pleadings setting forth the claim for relief upon which the action is based and is, therefore, timely under 28 U.S.C. § 1446(b).

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action arising under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112. The Court has jurisdiction over any separate and independent claims as provided in 28 U.S.C. § 1367(a).

5. Venue is proper in this Court as this is the court for the district and division embracing the place where the action is pending in state Court. 28 U.S.C. § 1391.

///

WHEREFORE, Defendants pray that the above-referenced action now pending in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark be removed therefrom to this Court.

DATED this 8th day of September, 2015.

**YELLOW CHECKER STAR TRANSPORTATION CO. LEGAL DEPT.**

/s/ Tamer B. Botros

MARC C. GORDON, ESQ.
GENERAL COUNSEL
Nevada Bar No. 001866
TAMER B. BOTROS, ESQ.
ASSOCIATE COUNSEL
Nevada Bar No. 012183
5225 W. Post Road
Las Vegas, Nevada 89118
Attorneys for Defendants
NEVADA YELLOW CAB CORPORATION
NEVADA CHECKER CAB CORPORATION and
NEVADA STAR CAB CORPORATION

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that I am an employee of Yellow Checker Star Transportation and that on this 8th day of September, 2015, I caused to be sent via ECF filing, a true and correct copy of the above and foregoing **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** properly addressed to the following:

Christian Gabroy, Esq.
Ivy Hensel, Esq.
Gabroy Law Offices
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
christian@gabroy.com
Attorneys for Plaintiff

/s/ Sheila Robertson
For **Yellow Checker Star Transportation Co. Legal Dept.**

# EXHIBIT 1

# DISTRICT COURT CIVIL COVER SHEET

Clark County, Nevada

Case No. A-15-720082-C Dept V

*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Thomas Runkle | Yellow Cab Co., Inc.; Nevada Yellow Cab Corporation d/b/a Yellow Cab Company; Nevada Star Cab Corporation d/b/a Star Cab Company; Nevada Checker Cab Corporation d/b/a Checker Cab Company; EMPLOYEE(S)/AGENTS(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| Gabroy Law Offices<br>170 S Green Valley Parkway, Suite 280<br>Henderson, NV 89012<br>(702) 259-7777 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

**Real Property**

**Landlord/Tenant**
- ☐ Unlawful Detainer
- ☐ Other Landlord/Tenant

**Title to Property**
- ☐ Judicial Foreclosure
- ☐ Other Title to Property

**Other Real Property**
- ☐ Condemnation/Eminent Domain
- ☐ Other Real Property

**Torts**

**Negligence**
- ☐ Auto
- ☐ Premises Liability
- ☐ Other Negligence

**Malpractice**
- ☐ Medical/Dental
- ☐ Legal
- ☐ Accounting
- ☐ Other Malpractice

**Other Torts**
- ☐ Product Liability
- ☐ Intentional Misconduct
- ☒ Employment Tort
- ☐ Insurance Tort
- ☐ Other Tort

**Probate**

**Probate** *(select case type and estate value)*
- ☐ Summary Administration
- ☐ General Administration
- ☐ Special Administration
- ☐ Set Aside
- ☐ Trust/Conservatorship
- ☐ Other Probate

**Estate Value**
- ☐ Over $200,000
- ☐ Between $100,000 and $200,000
- ☐ Under $100,000 or Unknown
- ☐ Under $2,500

**Construction Defect & Contract**

**Construction Defect**
- ☐ Chapter 40
- ☐ Other Construction Defect

**Contract Case**
- ☐ Uniform Commercial Code
- ☐ Building and Construction
- ☐ Insurance Carrier
- ☐ Commercial Instrument
- ☐ Collection of Accounts
- ☐ Employment Contract
- ☐ Other Contract

**Judicial Review/Appeal**

**Judicial Review**
- ☐ Foreclosure Mediation Case
- ☐ Petition to Seal Records
- ☐ Mental Competency

**Nevada State Agency Appeal**
- ☐ Department of Motor Vehicle
- ☐ Worker's Compensation
- ☐ Other Nevada State Agency

**Appeal Other**
- ☐ Appeal from Lower Court
- ☐ Other Judicial Review/Appeal

**Civil Writ**

**Civil Writ**
- ☐ Writ of Habeas Corpus
- ☐ Writ of Mandamus
- ☐ Writ of Quo Warrant
- ☐ Writ of Prohibition
- ☐ Other Civil Writ

**Other Civil Filing**

**Other Civil Filing**
- ☐ Compromise of Minor's Claim
- ☐ Foreign Judgment
- ☐ Other Civil Matters

*Business Court filings should be filed using the Business Court civil coversheet.*

06/17/2015
Date

[signature]
Signature of initiating party or representative

*See other side for family-related case filings.*

Electronically Filed
06/17/2015 12:52:37 PM

CLERK OF THE COURT

COMP
GABROY LAW OFFICES
Christian Gabroy (#8805)
Ivy Hensel (#13502)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704
christian@gabroy.com
*ATTORNEYS FOR PLAINTIFF*

**DISTRICT COURT**

**EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY NEVADA**

Thomas Runkle, an individual;

Plaintiff,

vs.

Yellow Cab Co., Inc.; Nevada Yellow Cab Corporation d/b/a Yellow Cab Company; Nevada Star Cab Corporation d/b/a Star Cab Company; Nevada Checker Cab Corporation d/b/a Checker Cab Company; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive,

Defendants.

Case No.: A-15-720082-C
Dept.: V

**COMPLAINT**

**(JURY DEMAND)**

COMES NOW Plaintiff Thomas Runkle ("Plaintiff" or "Runkle,") by and through his attorneys, Christian Gabroy, Esq. and Ivy Hensel, Esq. of Gabroy Law Offices, and hereby alleges and complains against Defendant Yellow Cab Co. Inc. ("Defendant" or "Yellow Cab Co."), Defendant Nevada Star Cab Corporation ("Defendant"), Defendant Nevada Checker Cab Corporation ("Defendant"), and Defendant Nevada Yellow Cab Corporation ("Defendant" or "Nevada Yellow Cab" or collectively "Defendants") as follows:

**JURISDICTION AND VENUE**



GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1. This is a civil action for damages under state and federal laws prohibiting unlawful employment actions and to secure the protection of and to redress deprivation of rights under these laws.

2. Jurisdiction and venue is based upon NRS Chapter 613 and 42 U.S.C. §12101, *et. seq.*

3. Plaintiff demands a jury trial on all issues triable by jury herein.

4. All alleged unlawful employment actions occurred in this judicial district.

**THE PARTIES**

5. At all relevant times, Plaintiff was an individual residing in this judicial district.

6. At all relevant times, Plaintiff was an employee of Defendants as that term is defined in the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12111, *et. seq.*, and NRS Chapter 613.

7. At all times relevant, Defendant Yellow Cab Co. was a domestic corporation registered with the Nevada Secretary of State and was Plaintiff's employer as that term is defined by the ADA, 42 U.S.C.A § 12111, *et. seq.*, and NRS Chapter 613.

8. At all times relevant, Defendant Nevada Yellow Cab Corporation was a domestic corporation registered with the Nevada Secretary of State and was Plaintiff's employer as that term is defined by the ADA, 42 U.S.C.A § 12111, *et. seq.*, and NRS Chapter 613.

9. At all times relevant, Defendant Nevada Star Cab Corporation was a domestic corporation registered with the Nevada Secretary of State and was Plaintiff's employer as that term is defined by the ADA, 42 U.S.C.A § 12111, *et. seq.*, and NRS Chapter 613.

10. At all times relevant, Defendant Nevada Checker Cab Corporation was a domestic corporation registered with the Nevada Secretary of State and was Plaintiff's

employer as that term is defined by the ADA, 42 U.S.C.A § 12111, *et. seq.*, and NRS Chapter 613.

11. Further, Defendants are liable as employers under our law as successor entities, joint venturers, and/or joint enterprises under our laws.

12. There is an unity of interest and ownership between all corporate Defendants.

13. Upon information and belief, Defendants are affiliated corporations with the same owners, managers, or officers between them. Defendants are jointly and severally liable for Defendants' actions. The assets and liabilities of all Defendants were and are at relevant times treated as assets of one and the same entity.

14. At all times pertinent hereto, Defendants were the agents and/or employees and/or co-adventurers and/or partners and/or alter egos and/or predecessors and/or successors of their Co-Defendants, and in doing the acts and omissions hereinafter alleged were acting in the course and scope of such agency, employment, co-adventure, partnership, or alter ego and with the permission, consent, and encouragement of their Co-Defendants. Upon information and belief, the named Defendants operate to some degree a single enterprise, pursue the same business, serve each other, and share common management and resources. Further, there is common ownership and financial control between the entities, centralized control of labor operations and interrelations of the operations. Under our law, they constitute an integrated enterprise and employer of Plaintiff.

15. DOE DEFENDANTS I-X, inclusive, are persons and ROE DEFENDANTS XI-XX, inclusive, are corporations or business entities (collectively referred to as "DOE/ROE DEFENDANTS"), whose true identities are unknown to Plaintiff at this time.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

These ROE CORPORATIONS may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisors, de facto partners, Plaintiff's employer, or joint venturers of Defendants. Individual DOE DEFENDANTS are persons acting on behalf of or at the direction of any Defendants or who may be officers, employees, or agents of Defendants and/or a ROE CORPORATION or a related business entity. These DOE/ROE Defendants were Plaintiff's employer(s) are liable for Plaintiff's damages alleged herein for their unlawful employment actions/omissions. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE/ROE DEFENDANTS are revealed to Plaintiff.

## PROCEDURAL REQUIREMENTS

16. Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit. Plaintiff timely filed his charges of discrimination with the Nevada Equal Rights Commission ("NERC") and the Equal Employment Opportunity Commission ("EEOC") on or about March 7, 2014. A true and correct copy of Plaintiff's amended charge of discrimination is attached hereto as Exhibit I. Such allegations of Exhibit I are hereby incorporated herein this Complaint.

17. On or about June 12, 2015, the EEOC issued Plaintiff a Notice of Right to Sue. *See* a true and correct copy of Plaintiff's right to sue attached hereto as Exhibit II.

## FACTUAL ALLEGATIONS

18. In or around February of 2011, Plaintiff was hired by Defendants as a taxi cab driver.

19. Plaintiff was an exceptional employee of Defendants.

20. On or about April 14, 2013, Plaintiff suffered a work related job injury. While adjusting his seat, Plaintiff injured his back.

21. Plaintiff informed his supervisors of the work related injury he suffered.

22. As a result of his work related injury, Plaintiff sought medical care. Plaintiff was diagnosed with having a lumbar strain.

23. Plaintiff pursued and filed a worker's compensation claim. Thus, Plaintiff invoked his rights under the worker's compensation laws. See attached form c-4 hereto as Exhibit III.

24. In or around May of 2013, Plaintiff's doctor released Plaintiff to return to work with work restrictions including no lifting over fifteen (15) pounds, no prolonged standing and/or walking longer than twenty-five (25) percent, no pushing and/or pulling over fifteen (15) pounds of force, the need to be seated seventy-five (75) percent of the time, and the need to be seated in a firmer seat. See attached physician work activity status report hereto as Exhibit IV.

25. Defendants' agent and the daily operations manager, Mr. Don Chaumers ("Chaumers"), represented to Plaintiff that Defendants would accommodate Plaintiff by providing a firm seat.

26. Upon his return to work, Defendants temporarily provided Plaintiff with the reasonable accommodation of a firm seat for a period of about two to three weeks.

27. Plaintiff continued to receive medical treatment. Plaintiff regularly updated Defendants of his work restrictions.

28. Subsequently, Defendants denied Plaintiff's request for a reasonable accommodation.

29. On or about May 30, 2013, Plaintiff went to a doctor's appointment and was released to return to work with work restrictions.

30. On or about May 31, 2013, Defendants completed a transitional duty return

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

to work job description form regarding Plaintiff. See attached transitional duty return to work job description form hereto as Exhibit V.

31. Chaumers instructed Plaintiff to identify and write down the identification numbers of cabs available during Plaintiff's shift that had accommodating seats. Plaintiff wrote down the identification numbers of the cabs with accommodating seats available during Plaintiff's shift and provided such list of identification numbers to his supervisor, Mr. William Darr ("Darr"), who regularly assigned cabs to drivers. When Plaintiff provided the list of identification numbers to Darr, Plaintiff explained that the cabs on the list had accommodating seats and Plaintiff requested that he be assigned to a cab with an accommodating seat. In response, Darr took the list, threw the list in the trash, and stated that "that's too much trouble."

32. Defendants assigned Plaintiff to cabs that did not have accommodating seats. Because Defendants regularly assigned Plaintiff to cabs without accommodating seats, Claimant was required to walk back and forth through an extremely large parking lot of cabs to inform his supervisor that the cab assigned to him was not in compliance with his work restrictions and/or were not accommodating.

33. Plaintiff repeatedly requested an accommodation. Plaintiff repeatedly reminded his supervisor of his work restrictions.

34. Defendants altered the terms and conditions of Plaintiff's employment. Defendants assigned Plaintiff to a different shift. Defendant prevented Plaintiff from bidding on a shift even though he had seniority.

35. On or about June 17, 2013, Defendants through its agent, Darr, again failed to assign Plaintiff to a car with an accommodating firm seat and required Plaintiff to walk through the parking lot three (3) times. Such actions aggravated Plaintiff's injury. Plaintiff

was unable to continue his shift due to his injury and went home.

36. On or about June 24, 2013, upon Plaintiff's arrival to work, Defendants informed Plaintiff he was suspended for three (3) days without pay. Darr presented Plaintiff with a suspension letter. See attached suspension letter hereto as Exhibit VI.

37. Plaintiff's supervisor, Darr, instructed Plaintiff to review and sign the suspension letter. Plaintiff calmly informed Darr that he would like his attorney to review the form before signing it. In response, Darr asked Plainitff if he was refusing to sign the suspension letter. Plaintiff explained that he was not refusing to sign the suspension letter and again informed Darr that he merely wanted his attorney to review the letter before he signed it.

38. On or about June 24, 2013, Defendants terminated Plaintiff.

39. Defendants' proffered reason for Plaintiff's termination was "insubordination." Such proffered reason is pretextual.

**COUNT I**
**VIOLATION OF AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12112/NRS 613.310**

40. Plaintiff hereby realleges and incorporates paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41. At all times relevant, Plaintiff was a qualified individual under the ADA in that Plaintiff was an individual who has a physical impairment that substantially limits one or more major life activities, has a record of such impairment, and/or was a person who was regarded and/or perceived as having an impairment or disability.

42. Plaintiff with or without reasonable accommodation could perform the essential functions of his job.

43. Plaintiff suffered from a physical impairment while employed by Defendants.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Plaintiff sought medical treatment and was diagnosed with a lumbar strain. See attached physician's progress report hereto as Exhibit VII.

44. After Defendants learned of Plaintiff's impairment, Plaintiff was discriminated against, harassed, and ultimately terminated based upon his actual disability and/or his perceived disability by Defendants in violation of the ADA. Further, Defendants discriminated against Plaintiff on the basis of his disability by failing to provide Plaintiff a reasonable accommodation and by failing to engage in the interactive process in good faith. Although Defendants could have reasonably accommodated Plaintiff in an available position in compliance with Plaintiff's work restrictions, Plaintiff was terminated in violation of the ADA.

45. The acts and/or omissions of Defendants and its agents complained of herein are in violation of the Americans with Disabilities Act in that Defendants discriminated against Plaintiff on the basis of his impairment, failed to offer and/or provide Plaintiff a reasonable accommodation, failed to engage in the interactive process with Plaintiff, and/or discriminated against Plaintiff. Thus and at all times relevant, Plaintiff was discriminated against in violation of the Americans with the Disabilities Act.

46. The acts and/or omissions of the Defendants and its agents complained of herein are in violation of NRS 613.330 *et. seq.*

47. As a direct and proximate result of Defendants' unlawful activity, Plaintiff has sustained damages in excess of $10,000.00.

48. The acts and/or omissions of Defendants caused Plaintiff severe economic and emotional damages. The conduct of Defendants has been malicious, fraudulent or oppressive and was designed to vex, annoy, harass or humiliate Plaintiff and, thus, Plaintiff is entitled to punitive damages with respect to his claim.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

49. As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

**COUNT II**
**TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY PROTECTING EMPLOYEES WHO PURSUE WORKERS' COMPENSATION CLAIMS**

50. Plaintiff hereby realleges and incorporates paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51. Defendants terminated Plaintiff for reasons that violate Nevada's public policy against discrimination and/or termination of employees who pursue and file workers' compensation claims. Defendants tortiously terminated Plaintiff for his pursuit and filing of his lawful workers' compensation claim.

52. As a proximate result of Defendants' tortious discharge of Plaintiff, Plaintiff suffered general, special, and consequential damages in excess of $10,000.00 (Ten Thousand Dollars).

53. Defendants' acts and/or omissions were fraudulent, malicious, or oppressive under NRS 42.005. Pursuant to NRS 42.005, Plaintiff is entitled to an award of punitive damages in excess of Ten Thousand Dollars ($10,000.00).

54. As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. For general damages in excess of $10,000.00;



GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

B. For special damages, where applicable, in excess of $10,000.00;

C. For compensatory damages in excess of $10,000.00;

D. For reasonable attorneys' fees and costs incurred in filing this action;

E. For punitive damages on claims warranting such damages;

F. Such other and further relief as this Court deems appropriate and just.

Dated this 11th day of June 2015.

Respectfully submitted,

GABROY LAW OFFICES

By _/s/_Christian Gabroy___________
CHRISTIAN GABROY (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway,
Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

**IAFD**
Gabroy Law Offices
Christian Gabroy (#8805)
Ivy Hensel (#13502)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 943-1936
christian@gabroy.com
Attorneys for Plaintiff

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| Thomas Runkle, an individual;<br><br>Plaintiff,<br>vs.<br><br>Yellow Cab Co., Inc.; Nevada Yellow Cab Corporation d/b/a Yellow Cab Company; Nevada Star Cab Corporation d/b/a Star Cab Company; Nevada Checker Cab Corporation d/b/a Checker Cab Company; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive,<br><br>Defendants. | Case No. A-15-720082-C<br>Dept. V<br><br>**Initial Appearance Fee Disclosure** |

Pursuant to NRS Chapter 19, filing fees are submitted for parties appearing in the above-captioned action as indicated below:

| | |
|---|---|
| Thomas Runkle, Plaintiff | $270.00 |
| TOTAL REMITTED | $270.00 |

Dated this 17th day of June 2015.



GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

GABROY LAW OFFICES.

By: /s/ Christian Gabroy
Christian Gabroy (#8805)
Ivy Hensel (#13502)
170 South Green Valley Parkway,
Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704
christian@gabroy.com



GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

# EXHIBIT I

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [X] FEPA [X] EEOC

Agency(ies) Charge No(s): 0115-14-0014L 34B-2014-00212

Nevada Equal Rights Commission and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Thomas Runkle | [redacted] | 10-06-1962 |

Street Address: [redacted] City, State and ZIP Code:

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| YELLOW CAB COMPANY | 201 - 500 | (702) 873-8012 |

Street Address: 5225 West Post Road, Las Vegas, NV 89118 City, State and ZIP Code

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [X] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05/31/2013 Latest: 06/24/2013
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

## AMENDED CHARGE

THIS CHARGE IS BEING AMENDED TO ADD RETALIATION AS A BASIS. I ADVISED MY SUPERVISOR, BILL CARR, I WAS SEEKING LEGAL ADVICE RELATED TO MY SUSPENSION AND WAS TERMINATED THAT SAME DAY. I BELIEVE MY DISCHARGE WAS AN ACT OF RETALIATION.

The Respondent discriminated against me due to my disability. The Respondent did not accommodate me and discharged me on June 24, 2013. I filed my complaint with the Nevada Equal Rights Commission on November 22, 2013.

I was hired by the Respondent on February 15, 2011, and at the time of my discharge I was employed as cab

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

x 03-03-2014 x [signature]

*Date* *Charging Party Signature*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

Received NERC
MAR 07 2014
Las Vegas, NV

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | [X] FEPA | 0115-14-0014L |
| | [X] EEOC | 34B-2014-00212 |

Nevada Equal Rights Commission and EEOC

State or local Agency, if any

driver.

**Failure to Accommodate:** On or about May 31, 2013, I requested an accommodation for my disability, and my Supervisor, William Carr, would not accommodate me. I requested a vehicle with a firm seat for my shift. He declined to aid me in locating a vehicle in which I was able to drive for my shifts. At the beginning of each shift, Mr. Carr, made me walk around a huge parking lot to locate a cab with a firm seat. Finally, on June 17, 2013, after having to walk through the Respondent's parking lot three times, I left work and went home as I was unable to continue my shift due to my disability

**Terms and Conditions:** I was subjected to different terms and conditions. Mr. Carr told me I was unable to put in for Shift 15, even though I had seniority. When I went to put in for Shift 12, they told me it was too late.

**Discharge:** On June 24, 2013, I was discharged after being put on unpaid suspension for leaving my shift on June 17, 2013.

I believe the Respondent's actions violated the Americans with Disabilities Act Amendments Act (ADAAA) and Nevada State Law.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

x03-03-2014 x [signature]

*Date* *Charging Party Signature*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Received NERC

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

MAR 07 2014

Las Vegas, NV

# EXHIBIT II

EEOC Form 161-B (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (*ISSUED ON REQUEST*)

To: Thomas Runkle

From: Los Angeles District Office
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2014-00212 | Karrie L. Maeda, State & Local Coordinator | (213) 894-1100 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]

Rosa M. Viramontes,
District Director

June 12, 2015
*(Date Mailed)*

Enclosures(s)

cc:

Marc C. Gordon, Esq.
General Counsel
YELLOW CHECKER STAR TRANSPORTATION
5225 West Post Road
Las Vegas, NV 89118

Christian Gabroy, Esq.
GABROY LAW OFFICES
The District At Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, NV 89012

# EXHIBIT III

Paradise

# EMPLOYEE'S CLAIM FOR COMPENSATION/REPORT OF INITIAL TREATMENT
FORM C-4
PLEASE TYPE OR PRINT

**EMPLOYEE'S CLAIM – PROVIDE ALL INFORMATION REQUESTED**

First Name: THOMAS M.I.: P Last Name: Runkle
Birthdate: 10-06-62 Sex: ☒ M ☐ F
Claim Number (Insurer's Use Only):
Home Address: [redacted]
Age: Height: Weight:
Social Security Number: [redacted]
City: [redacted] State: [redacted] Zip: [redacted]
Telephone: [redacted]
Mailing Address: Same as Above City: State: Zip:
Primary Language Spoken: English
INSURER: THIRD-PARTY ADMINISTRATOR:
Employee's Occupation (Job Title) When Injury or Occupational Disease Occurred: Cab Driver
Employer's Name/Company Name: Yellow Cab Company
Telephone:
Office Mail Address (Number and Street):

Date of Injury (if applicable): 4-14-13
Hours Injury (if applicable): Can't Rember am 1:00pm
Date Employer Notified: Can't Remember
Last Day of Work After Injury or Occupational Disease: 4-14-13 Same
Supervisor to Whom Injury Reported: Most All

Address or Location of Accident (if applicable):

What were you doing at the time of the accident? (if applicable) Adjusting Seat

How did this injury or occupational disease occur? (Be specific and answer in detail. Use additional sheet if necessary) Adjusting Seat

If you believe that you have an occupational disease, when did you first have knowledge of the disability and its relationship to your employment?

Witnesses to the Accident (if applicable):

Nature of Injury or Occupational Disease: Back Pain
Part(s) of Body Injured or Affected: Back

I CERTIFY THAT THE ABOVE IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND THAT I HAVE PROVIDED THIS INFORMATION IN ORDER TO OBTAIN THE BENEFITS OF NEVADA'S INDUSTRIAL INSURANCE AND OCCUPATIONAL DISEASES ACTS (NRS 616A TO 616D, INCLUSIVE OR CHAPTER 617 OF NRS). I HEREBY AUTHORIZE ANY PHYSICIAN, CHIROPRACTOR, SURGEON, PRACTITIONER, OR OTHER PERSON, ANY HOSPITAL, INCLUDING VETERANS ADMINISTRATION OR GOVERNMENTAL HOSPITAL, ANY MEDICAL SERVICE ORGANIZATION, ANY INSURANCE COMPANY, OR OTHER INSTITUTION OR ORGANIZATION TO RELEASE TO EACH OTHER, ANY MEDICAL OR OTHER INFORMATION, INCLUDING BENEFITS PAID OR PAYABLE, PERTINENT TO THIS INJURY OR DISEASE, EXCEPT INFORMATION RELATIVE TO DIAGNOSIS, TREATMENT AND/OR COUNSELING FOR AIDS, PSYCHOLOGICAL CONDITIONS, ALCOHOL OR CONTROLLED SUBSTANCES, FOR WHICH I MUST GIVE SPECIFIC AUTHORIZATION. A PHOTOSTAT OF THIS AUTHORIZATION SHALL BE AS VALID AS THE ORIGINAL.

Date: Place: Employee's Signature: [signature]

**THIS REPORT MUST BE COMPLETED AND MAILED WITHIN 3 WORKING DAYS OF TREATMENT**

Place: **Paradise** **Las Vegas** Name of Facility: **Concentra Medical Center**

Date: 5/6/13
Hour: 1630
Diagnosis and Description of Injury or Occupational Disease: L/S Strain

Is there evidence that the injured employee was under the influence of alcohol and/or another controlled substance at the time of the accident? ☒ No ☐ Yes (if yes, please explain)

Treatment: P.T. / Activ / Medication

Have you advised the patient to remain off work five days or more?
☐ Yes Indicate dates: from ______ to ______
☒ No If no, is the injured employee capable of: ☐ full duty ☒ modified duty
If modified duty, specify any limitations/restrictions: ______

X-Ray Findings: L/S (-)

From information given by the employee, together with medical evidence, can you directly connect this injury or occupational disease as job incurred? ☒ Yes ☐ No

Is additional medical care by a physician indicated? ☒ Yes ☐ No

Do you know of any previous injury or disease contributing to this condition or occupational disease? ☐ Yes ☒ No (Explain if yes)

Date: 5/6/13 Print Doctor's Name: [handwritten]
I certify that the employer's copy of this form was mailed to the employer on:

Address: **3900 Paradise Ste. V**
INSURER'S USE ONLY

City: Las Vegas State: NV Zip: 89169
Provider's Tax I.D. Number: 75-2014828
Telephone: 702-369-0560
Doctor's Signature: [signature]
Degree: NP

ORIGINAL – TREATING PHYSICIAN OR CHIROPRACTOR PAGE 2 – INSURER/TPA PAGE 3 – EMPLOYER PAGE 4 – EMPLOYEE

# EXHIBIT IV

Claim Number:

**Concentra Medical Centers**
3900 Paradise Rd Ste V Las Vegas, NV 89169
Phone: (702) 369-0560 Fax: (702) 369-3496

Service Date: 05/06/2013
Case Date: 04/14/2013

# Physician Work Activity Status Report

**Patient:** Runkle, Thomas
**SSN:**
**Address:**

**Home:**
**Work:** **Ext.:**

**Employer Location:** Yellow Checker Star Cab
**Address:** 5225 W Post Rd
Las Vegas, NV 891184331
**Auth. by:** Supervisor

**Contact:** Mike Viskoc
**Role:** Primary Contact
**Phone:** (702) 933-1820 **Ext.:**
**Fax:** (702) 835-5281

**This Visit:** **Time In:** 02:55 pm **Time Out:** 04:38 pm **Recordable:** N/A **Visit Type:** New

**Treating Provider:** Mitulkumar Patel, MD

**Diagnosis:** 847.2 Lumbar Strain

**Medications:**
- ☐ Dispensed Prescription Medication to Patient
- ☐ Dispensed Over-The-Counter Prescription
- ☐ Written Prescription given to Patient

## Patient Status:

### Modified Activity - Returning for follow-up visit

**Restricted Activity (In effect until next physician visit):**

Return to work on 05/06/2013 with the following restrictions
No lifting over 15 lbs.
No prolonged standing and/or walking longer than 25%
No pushing and/or pulling over 15 lbs. of force
Should be sitting 75 % of the time

**Remarks:** Frequent stretching

**Employer Notice:** The prescribed activity recommendations are suggested guidelines to assist in the patient's treatment and rehabilitation. Your employee has been informed that the activity prescription is expected to be followed at work and away from work.

**Anticipated Date of Maximum Medical Improvement:** **Actual Date of Maximum Medical Improvement:**

**Next Visit(s):** **Patient Notice:** It is essential to your recovery that you keep your scheduled appointments, but should you need to reschedule or cancel your appointment, please contact the clinic. Thank you for your cooperation.

**Visit Date:** Monday May 13, 2013 1:00 pm
**Provider/Facility:** Mitulkumar Patel, MD


© 1996 -2013 Concentra Operating Corporation All Rights Reserved.

# EXHIBIT V




# TRANSITIONAL DUTY RETURN TO WORK JOB DESCRIPTION

*****ATTACH DOCTOR'S NOTE TO THE BACK OF THIS FORM*****

Employee: Thomas Runkle Payroll#: 972

Department: Yellow Cab Date of Injury: 4/14/2013

Shift: SUN 15 MON 15 FRI 15 SAT 15 Days off: Tues, Wed, Thurs

{ } No Sitting {X} No Standing over 15 min/hour {X} No Pulling over 15 lbs force
{X} No Bending at waist { } No Stooping {X} No Lifting over 15 lbs
{ } No Carrying {X} No Walking over 15 min/hour {X} No Pushing over 15 lbs force
{ } No Climbing { } No Reaching above shoulders
{ } Lifting Restricted to (lbs) ________ { } No Driving**
{X} Other: Return to work on 5/30/2013 with the following restrictions No Bend at WAIST greater than 3 times per hour SHOULD BE SITTING 75% of time NEEDS FIRMER SEAT

Date of Next Doctors Appointment: THURSDAY, June 13, 2013 1:00pm

****Unable to drive company vehicle - was the employee offered light duty?**
**(Refer to Mike Viskoc)**
**YES** **NO** (circled)

DEPARTMENT ASSIGNED TO: N/A

SPECIFIC JOB DUTIES EMPLOYEE WILL BE ASSIGNED:

None

Employee Signature: [signature] Date: 5-31-13

Company Representative Printed Name: William M Orr

Company Representative Signature: [signature] Date: 5/31/2013

# EXHIBIT VI




# SUSPENSION LETTER

June 17, 2013

TO: Thomas Runkle PR#: 972

**THIS LETTER IS TO NOTIFY YOU THAT YOUR STANDARD OF PERFORMANCE IS BELOW THAT WHICH IS EXPECTED OF YOU. THE OBSERVATIONS ARE AS FOLLOWS:**

Violation of the Collective Bargaining Agreement, Article Fourteen-Discipline, Rule (K) Intentionally doing that which should not be done or intentionally failing to do that which should be done, showing substantial disregard of duties, Rule (H) Gross Insubordination and Rule (Y) Refusal to drive assigned shift/cab. On June 17, 2013, you approached me and started to yell at me that you were not going to drive your assigned shift and cab and that you were going home. You refused to calm down and refused several requests by me to step to another location to discuss this matter. Your actions were causing a disturbance in front of the other drivers.

YOU ARE HEREBY SUSPENDED FOR 3 DAYS WITHOUT PAY. THE DATES OF SUSPENSION ARE 6/21/2013, 6/22/2013 and 06/23/2013 WITHOUT PAY. You may return to work on June 24, 2013.

ANY FURTHER INCIDENT OF THIS KIND WILL RESULT IN FURTHER DISCIPLINARY ACTIONS INCLUDING UP TO IMMEDIATE TERMINATION.

SIGNED: [signature]
William Darr (Driver Supervisor)

**EMPLOYEE'S EXPLANATION:**

______________________________

______________________________

______________________________

**I ACKNOWLEDGE RECEIPT OF THIS WARNING LETTER AND FURTHER ACKNOWLEDGE THAT MY SIGNATURE DOES NOT CONSTITUTE ANY ADMISSION OF GUILT.**

SIGNED: ______________________

# EXHIBIT VII

Ronald Kong MD
501 S Rancho Dr Suite A-5
Las Vegas, NV 89106
702-382-3331 FAX - 702-382-5925

# PHYSICIAN'S PROGRESS REPORT

| | |
|---|---|
| Claim Number: YELW-07435 | Social Security Number: [redacted] |
| Patient's Name: Runkle, Thomas | Date of Injury: 04/14/13 |
| Employer: Yellow Cab | Name of MCO (if applicable): York |

Patient's Job Description/Occupation: Amanda Davis

Previous Injuries/Diseases/Surgeries Contributing to the Condition:

Diagnosis: L/S sprain/strain, DDD, L/S

Related to the Industrial Injury? Explain:

Objective Medical Findings:

*Check only one box* ☐ None - Discharged ☒ Generally Improved ☐ Conditioned Worsened ☒ Condition Same

Maximum Medical Improvement (MMI) ☒ Yes ☐ No

May have suffered Permanent Disability? ☒ Yes ☐ No

Treatment Plan: Ø Same

☐ No Change in Therapy
☐ Case Management
☐ PT/OT Prescribed/Goals
☐ PT/OT Discontinued
☐ Consultation:
☐ Diagnostic Studies:
☐ Medications may be used while working

☐ Prescriptions(s):

☐ Released to FULL DUTY/No Restrictions on (Date):
☒ Released to RESTRICTED/Modified Duty on (Date) From: 1/23/14 To:
☐ Temporarily Disabled From: To:

Restrictions are: ☐ Permanent ☐ Temporary

| | ACTIVITY N | O | F | C |
|---|---|---|---|---|
| Sitting | ☐ | ☒ | ☐ | ☐ |
| Walking | ☐ | ☒ | ☐ | ☐ |
| Standing | ☐ | ☒ | ☐ | ☐ |
| Bending at the waist | ☐ | ☒ | ☐ | ☐ |
| Stooping | ☐ | ☒ | ☐ | ☐ |
| Reaching above shoulder | ☐ | ☒ | ☐ | ☐ |
| Climbing | ☐ | ☒ | ☐ | ☐ |
| Repetitive use of hand(s) | ☐ | ☐ | ☐ | ☐ |
| Other: | ☐ | ☐ | ☐ | ☐ |

*Check only one box*

| Lbs | DAILY LIFTING N | O | F | C | Height | DAILY CARRYING N | O | F | C | Distance |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 – 10 | ☐ | ☐ | ☒ | ☐ | | ☐ | ☐ | ☒ | ☐ | |
| 11- 20 | ☐ | ☒ | ☐ | ☐ | 13 lb | ☐ | ☒ | ☐ | ☐ | 20 lb |
| 21- 50 | ☒ | ☐ | ☐ | ☐ | | ☒ | ☐ | ☐ | ☐ | |
| 51- 75 | ☒ | ☐ | ☐ | ☐ | | ☒ | ☐ | ☐ | ☐ | |
| 76- 100 | ☒ | ☐ | ☐ | ☐ | | ☒ | ☐ | ☐ | ☐ | |

If no current work capabilities, please explain: Per FCE

| Next Visit: | Date of this Exam: | Physician/Chiropractor's Name: | Physician/Chiropractor's Signature: |
|---|---|---|---|
| Ø | 01/23/14 | RONALD G. KONG, MD | [signature] |

NEXT APPT..... DATE: TIME:

FAX TO INSURANCE: DATE:

FAX TO EMPLOYER: DATE: